IN THE UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KATHY RIST, As Natural Mother and Putative Next Friend of her Deceased Son, GARY GREGORY<br><br>Plaintiffs,<br><br>v.<br><br>    ALVIN BROOKS,<br>    ANGELA WASSON-HUNT,<br>    DARRYL FORTE,<br>    MICHAEL RADER,<br>    DAVID KENNER AND<br>    SYLVESTER "SLY" JAMES,<br>    (THE KANSAS CITY, MISSOURI<br>    BOARD OF POLICE<br>    COMMISSIONERS),<br><br>And JOHN/JANE DOES 1-20<br><br>    JOHN/JANE DOES 21-24<br><br>Defendants.<br><br>Serve at:<br>1125 Locust Street<br>Kansas City, MO 64106<br><br>Defendant. | Case No.<br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES FOR DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AND FOR DENIAL OF DUE PROCESS IN VIOLATION OF THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983, AND FOR NEGLIGENCE**

COME NOW Plaintiffs Kathy Rist, survivor and putative next friend of her natural son, Plaintiff Gary Gregory, by and through counsel, and for her Complaint for Damages for Deliberate Indifference to a Serious Medical Need and for Denial of Due Process in Violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42

U.S.C. §1983, and for Negligence, states as follows:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Kathy Rist, is the natural mother and a survivor of a son, Gary Gregory and an adult resident of Independence, Jackson County, Missouri.

2. In 2015, Plaintiff Gary Gregory suffered fatal injuries after ingesting methamphetamine during a stop by police officers of the City of Kansas City, Missouri.

3. As a result of the ingestion, on or about June 13, 2015, while in the custody of the Kansas City, Missouri Police Department, Plaintiff had serious medical needs, to wit: he had erratic breathing, was having seizures, was febrile, and became unresponsive.

4. John/Jane Does 1-20 were jail personnel on or about June 13, 2015 and charged with maintaining security in the jail facility and caring for the needs of inmates, among other matters.

5. By virtue of their positions, John/Jane Does 1-20 were clothed with the badges of authority of the City of Kansas City, State of Missouri, and were therefore acting under color of law within the meaning of 42 U.S.C. 1983. They are sued in their individual capacity.

6. John/Jane Does 21-24 were supervisors on or about June 13, 2015 at the Kansas City, Missouri jail charged with the responsibility for implementing policies and procedures for the care of inmates who may be in medical need. They are sued in their individual capacity.

7. By virtue of their positions, John/Jane Does 21-24 were clothed with the badges of authority of the City of Kansas City, State of Missouri, and were therefore acting under color of law within the meaning of 42 U.S.C. 1983.

8. All Defendants, acting individually and/or in their respective official capacities, and under color of state law, have deprived Plaintiff of rights secured by the United States Constitution by failing to respond to Plaintiff's medical needs and denying or delaying access to

medical care; more specifically, Defendants violated Plaintiff's rights to be free from cruel and unusual punishment, in violation of the Eighth Amendment, and deprived Plaintiff of a liberty interest in proper medical care and bodily integrity without due process of law, in violation of the Fifth and Fourteenth Amendments and in further violation of 42 U.S.C. §1983.

9. This action arises under 42 U.S.C. 1983, a law of the United States, such that this Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. 1131 and 1343 (a) (3) and (a)(4). Subject matter jurisdiction of any state law claims which are raised herein or may hereafter be raised is conferred by 28 U.S.C. 1367 in that they raise or will raise claims which arise from a common nucleus of operative fact and accordingly are part of the same case or controversy.

## COUNT I:
## DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF THE EIGHTH AMENDMENT AND 42 U.S.C. 1983 AGAINST DEFENDANTS JOHN/JANE DOES 1-24

10. Plaintiff re-alleges and incorporates as if fully set out herein, the General Allegations as set forth in paragraphs 1 to 9 of this Complaint.

11. During Plaintiff Gary Gregory's confinement at the Kansas City, Missouri detention facility, and while in the custody of Defendants, Plaintiff Gary Gregory became unresponsive and began experiencing seizures on the floor of his jail cell.

12. Defendants had actual or constructive knowledge that Plaintiff was experiencing significant medical distress and had a serious medical need, in that he had become unresponsive and was flopping around on the floor of his jail cell for almost an hour before being attended to.

13. More specifically, Defendants knew this because several of them visited the cell for the purpose of bringing other inmates into the cell, while Plaintiff Gary Gregory was on the floor of the cell, and because there are camera monitors which were or should have been watched by Defendants.

14. Nevertheless, Defendants John/Jane Does 1-24 ignored Defendant and failed for almost an hour to provide any medical assistance, appropriate or otherwise.

15. Because of the failure to provide such equipment, Plaintiff began and/continued experiencing fever-like symptoms and seizures and his condition deteriorated, resulting in significant pain and distress, and eventually, after transport to a hospital, in death.

16. Despite Plaintiff's progressively declining medical condition, his obvious need for medical assistance was ignored and/or not timely addressed by Defendants, and each Defendant was deliberately indifferent to these serious medical needs.

17. Plaintiff's condition, and his need for a medical evaluation were obvious and constituted a serious medical need within the meaning of the Eighth Amendment to the United States Constitution.

18. By their deliberate indifference to these needs, while acting under color of law, Defendants John/Jane Does 1-24 have deprived Plaintiff of his constitutional rights under the Eighth Amendment to the United States Constitution, and have violated 42 U.S.C. 1983.

19. As a further direct and proximate result of Defendants' deliberate indifference to Plaintiff's serious medical needs, which constituted the infliction of cruel and unusual punishment within the meaning of the Eighth Amendment, Plaintiff Gary Gregory sustained physical injuries, severe pain and emotional distress and ultimately died, and each Plaintiff incurred medical expenses and will continue to incur medical expenses, and incurred attorney's fees in an effort to vindicate his rights.

20. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights, so as to subject such Defendants to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants John/Jane Does 1-24

in such amount as is fair and reasonable to compensate him for his injuries; and Plaintiff prays for punitive damages in such amount as is sufficient to deter similar conduct by them in the future towards persons similarly situated. Plaintiff further requests against all Defendants; for attorney's fees pursuant to 42 U.S.C. Section 1988; and for such other or further relief as this Court deems just and proper.

**COUNT II:**
**DENIAL OF A LIBERTY INTEREST IN BODILY INTEGRITY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983 AGAINST DEFENDANTS JOHN/JANE DOES 1-24**

21. Plaintiff re-alleges and incorporates as if fully set out herein, the General Allegations as set forth in paragraphs 1 to 20 of this Complaint.

22. By ignoring Plaintiff's need for medical attention, Defendants deprived Plaintiff of a liberty interest in his bodily integrity in violation of the Fifth Amendment to the United States Constitution as applied to the states through the due process clause of the Fourteenth Amendment.

23. Defendants have also, by the foregoing, violated 42 U.S.C. 1983.

24. As a direct and proximate result, Plaintiff Gary Gregory sustained physical injuries, severe pain and emotional distress and ultimately died, and each Plaintiff incurred medical expenses and will continue to incur medical expenses, and incurred attorney's fees in an effort to vindicate his rights.

25. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights, so as to subject such Defendants to punitive damages

WHEREFORE, Plaintiffs pray for judgment against Defendants John/Jane Does 1-24 in such amount as is fair and reasonable to compensate him for his injuries; and Plaintiff prays for punitive damages in such amount as is sufficient to deter similar conduct by them in the future

towards persons similarly situated. Plaintiffs further request against all Defendants attorney's fees pursuant to 42 U.S.C. Section 1988; and such other or further relief as this Court deems just and proper.

## COUNT III: MONELL LIABILITY AGAINST THE BOARD

26. Plaintiffs hereby repeat, re-allege and incorporate as if fully set forth herein the allegations of Paragraphs 1-25 of this Complaint.

27. Defendants Brooks, Wasson-Hunt, Forte, Rader, Kenner and James, collectively the Board of Police Commissioners of Kansas City, Missouri, and Defendants John-Jane Does 21-24 were at all times policymakers and superiors with a responsibility for ensuring that the constitutional rights of Plaintiffs were respected.

28. Each is sued in their individual and official capacity.

29. There was an existing practice of ignoring the monitoring cameras at the Kansas City, Missouri jail, and/or of failing to obtain timely assistance for individuals when medical needs were apparent.

30. Defendants, as policy-makers, implement and are responsible for such practices.

31. The inadequacy of existing practices were so likely to result in a violation of constitutional rights that Defendants Brooks, Wasson-Hunt, Forte, Rader, Kenner and James and John/Jane Does 21-24 were deliberately indifferent to Plaintiffs' rights by permitting them to remain.

32. As a direct and proximate result, Plaintiff Gary Gregory sustained physical injuries, severe pain and emotional distress and ultimately died, and each Plaintiff incurred medical expenses and will continue to incur medical expenses, and incurred attorney's fees in an effort to vindicate his rights.

33. As a further direct and proximate result, Plaintiffs have been deprived of rights secured to them by the Eighth Amendment to the United States Constitution by being forced to endure cruel and unusual punishment, and have been deprived of rights secured to them by the Fourth and Fifteenth Amendment to the United States Constitution by being deprived of a liberty interest in bodily integrity.

WHEREFORE, Plaintiffs pray for judgment against Defendants Brooks, Wasson-Hunt, Forte, Rader, Kenner and James in such amount as is fair and reasonable to compensate him for his injuries; and Plaintiff prays for punitive damages in such amount as is sufficient to deter similar conduct by them in the future towards persons similarly situated. Plaintiffs further request against all Defendants attorney's fees pursuant to 42 U.S.C. Section 1988; and such other or further relief as this Court deems just and proper.

### COUNT IV: NEGLIGENCE AGAINST BOARD AND JOHN-JANE DOES 21-24

34. Plaintiff hereby repeats, re-alleges and incorporates as if fully set forth herein the allegations of Paragraphs 1-33 of this Complaint.

35. Defendants Brooks, Wasson-Hunt, Forte, Rader, Kenner and James, and John-Jane Does 21-24, as policy-makers, had a duty to use ordinary care to avoid causing injury to Plaintiffs or others similarly-situated.

36. In breach of that duty, Defendants failed to:

   a) Implement policies requiring the regular monitoring of jail cells for the presence of individuals in medical distress, either by video or in person;

   b) Train on and/or enforce such policies to the extent they existed; and

   c) Require appropriate reporting on such policies;

37. As a direct and proximate result, Plaintiff Gary Gregory sustained physical injuries,

severe pain and emotional distress and ultimately died, and each Plaintiff incurred medical expenses and will continue to incur medical expenses.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants in such amount as is fair and reasonable to compensate them for their injuries, and prays for such other or additional relief as may seem to the court to be just in the premises.

    Respectfully Submitted,

/s/ *Lyle M. Gregory*
Lyle M. Gregory, MO Bar #40856
GREGORY & ASSOCIATES
309 S. Washington
Raymore, MO 64083
Telephone: 816.331.8767
Facsimile: 816.331.9967
Email: kctryit@earthlink.net

ATTORNEY FOR PLAINTIFF